UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Megan Frances Franks,
Plaintiff,
v.
Lyon County Sheriff's Office, Deputy Nicolas Baugh, Deputy [Unknown Name(s)],
Defendants.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, DUE PROCESS, AND EMERGENCY INJUNCTIVE RELIEF

RESPECTFULLY ASKING THE DISTRICT COURT OF NEVADA FOR EMERGENCY INTERVENTION AND PROTECTION AGAINST DEPUTY BAUGH.

I. INTRODUCTION
This is a civil rights action pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's Fourth and Fifth Amendment rights under the U.S. Constitution and parallel protections under the Nevada Constitution. Plaintiff seeks dismissal of a pending warrant and related charges, an emergency protective order against further harassment, and injunctive relief.

II. JURISDICTION & VENUE
• Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343 (federal question, civil rights).
• Venue is proper in this District under 28 U.S.C. § 1391(b).

III. PARTIES
• Plaintiff: Megan Frances Franks, resident of Lyon County, Nevada.
• Defendants: Lyon County Sheriff's Office, Deputy Nicolas Baugh, and other unknown deputies (to be named after discovery).

IV. STATEMENT OF FACTS
1. On July 24, 2025, at approximately 03:35pm-04:09pm Defendant Deputy Baugh entered Plaintiff's private residence (301 Leona Avenue, Yerington, NV) without a warrant, without consent, and without exigent circumstances.
• This unlawful entry occurred in Plaintiff's closed garage.
• Plaintiff repeatedly asked who was at the door; the response was only "Baugh," not identifying himself as a sheriff.
• Defendants covered Plaintiff's Ring camera to conceal their identities.
2. During this encounter, deputies:
• Took Plaintiff's phone, preventing her from calling for help.
• Accessed and shared Plaintiff's Ring footage without consent.
• Ordered Plaintiff's only witness to leave the property.
3. Deputy Baugh coerced and blackmailed Plaintiff by stating that unless she cooperated in an unrelated investigation, he would charge her with a felony.
4. On August 7, 2025, at approximately 04:55pm Deputies Baugh and Gavin returned to Plaintiff's residence.
• Upon leaving, Plaintiff's Ring camera was tampered with, disabling it for approximately six hours, and some footage has gone missing.
5. On August 12, 2025, after Plaintiff refused to cooperate, a warrant was issued against her, charging her with a Class E felony (possession of controlled substance). Bond $2500.
6. Plaintiff has no prior criminal history in Lyon County and asserts these charges are retaliatory and without lawful basis.
7. Defendant Baugh further threatened:

• To pull over Plaintiff and her mother every time he saw them driving.
• To send K-9 units to Plaintiff's home for searches.
8. Plaintiff suffers from serious medical conditions (Carpal Tunnel Syndrome, Thoracic Outlet Syndrome, CRPS), which already cause significant pain and limitations. The harassment and threats by Defendants have caused PTSD, anxiety, and physical health deterioration.
9. Plaintiff possesses evidence including original Ring camera footage and text messages with Deputy Baugh confirming threats and harassment.
10. Plaintiff is unable to safely surrender on the warrant because Defendants control the Lyon County Jail, creating a conflict of interest and credible risk of retaliation.

V. CLAIMS FOR RELIEF
Count 1 – Unlawful Search and Seizure (42 U.S.C. § 1983; Fourth Amendment; Nevada Constitution Art. I, § 18)
• Defendants entered Plaintiff's home without a warrant, exigent circumstances, or consent, violating Payton v. New York, 445 U.S. 573 (1980).
Under Illinois v. Gates, 462 U.S. 213 (1983), probable cause does not eliminate the warrant requirement.

Count 2 – Deprivation of Due Process (42 U.S.C. § 1983; Fifth Amendment)
• Plaintiff was coerced, threatened, and deprived of liberty without due process.

Count 3 – Retaliation & Coercion
• Defendants' conduct chilled Plaintiff's exercise of constitutional rights.

Count 4 – Invasion of Privacy (Nevada Law, NRS 205.460; NRS 171.123)

Count 5 – Intentional Infliction of Emotional Distress (State tort claim; extreme and outrageous conduct causing severe distress).

VI. RELIEF REQUESTED
Emergency Relief/Intervention from higher court
1. Emergency Protective Order prohibiting harassment, surveillance, or retaliation by the Lyon County Sheriff's Office, Deputy Baugh.
2. Temporary Restraining Order (TRO) / Preliminary Injunction requiring:
• Immediate cessation of unlawful contact and surveillance.
• Preservation of Ring camera and phone evidence.
• Non-interference with Plaintiff's legal rights.
3. Dismissal of Warrant and All Charges with Prejudice as unconstitutional fruits of unlawful conduct.
4. Assurance and Protection from the Lyon County Sheriff that Plaintiff will not be harassed or harmed in the future.
5. Costs, damages, and attorneys' fees pursuant to 42 U.S.C. § 1988.

VII. AUTHORITIES CITED
• Fourth Amendment, U.S. Constitution
• Fifth Amendment, U.S. Constitution
• 42 U.S.C. § 1983
• Payton v. New York, 445 U.S. 573 (1980)
• Illinois v. Gates, 462 U.S. 213 (1983)
• Miranda v. Arizona, 384 U.S. 436 (1966)
• Nevada Constitution, Art. I, § 18
• NRS 205.460 (privacy violations)
• NRS 171.123 (limits on detention/release)

VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Emergency Protective Order prohibiting further harassment, threats, or unlawful actions by Lyon County Sheriff's Office and its deputies.
2. Dismissal of the arrest warrant and all associated charges with prejudice, as they stem from unconstitutional actions.
3. Temporary Restraining Order (TRO) and/or Preliminary Injunction, ordering Defendants to:
- Cease all contact and surveillance of Plaintiff.
- Preserve and protect all Ring video and related evidence.
4. Assurance and protection from Lyon County Sheriff that Plaintiff will not be harassed, retaliated against, or harmed in the future.
5. Declaratory judgment that Defendants violated Plaintiff's constitutional rights.
6. Compensatory and punitive damages in an amount to be proven from The District Court Of Nevada.
7. Costs and reasonable expenses as permitted by law.
8. Any other relief this Court deems just and proper.

VIIII. SERVICE OF PROCESS

Plaintiff requests that summons be issued and service of process be made upon the Lyon County Sheriff's Office and named Defendants according to Federal Rules of Civil Procedure.

X. EMERGENCY RELIEF REQUESTED

Because Plaintiff is under imminent threat of further unlawful action and ongoing harm, Plaintiff requests that the Court consider this Complaint as an Emergency Filing and immediately issue protective relief and dismiss the arrest warrant.

Respectfully submitted,
Dated: August 27, 2025
/s/ Megan Frances Franks
301 Leona Ave.
Yerington, NV 89447
Phone: (818) 263-5425
Email: franks_megan@icloud.com
Plaintiff, Pro Se