UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MEGAN FRANCES FRANKS, | Case No.: 3:25-cv-00461-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| LYON COUNTY SHERIFF'S OFFICE, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Megan Frances Franks initiated this action by filing an application to proceed *in forma pauperis* ("IFP") (ECF No. 9) and a civil rights complaint (ECF No. 1-1 ("Complaint")) under 42 U.S.C. § 1983 against Defendants Lyon County Sheriff's Office and Deputy Sheriff Nicolas Baugh for unlawful search and seizure of her home under the Fourth Amendment and invasion of privacy under Nevada law, for deprivation of due process rights, and for retaliation and coercion. (ECF No. 1-1.) Franks subsequently filed multiple miscellaneous motions.[1] Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 21), recommending the Court: (1) deny as moot Franks' IFP application (ECF Nos. 9, 10, 12); (2) dismiss the Complaint (ECF No. 1-1) without prejudice but without leave to amend; and (3) deny as

---

[1]Miscellaneous motions include duplicate IFP applications (ECF Nos. 10, 12), a motion for appointment of counsel (ECF No. 11), a motion to dismiss warrant and charges (ECF No. 13), a motion for temporary restraining order (ECF No. 14), a motion for protective order (ECF No. 15), a motion asserting "Constitutional Violations, Evidence Tampering, Retaliation, and Denial of Medical Care, and Request for Judicial Relief" (ECF No. 17), an emergency motion for "Protective Intervention and Relief due to Law Enforcement Misconduct and Safety Risks" (ECF No. 18), and a motion for status update on Franks' IFP application (ECF No. 19).

moot the miscellaneous motions[2] (ECF Nos. 11, 13, 15, 17, 18, 19). (ECF No. 21 at 1, 8-9.) To date, Plaintiff has failed to file an objection to the R&R. Because there is no objection, and, as further explained below, the Court will adopt the R&R.

Because there is no objection, the Court need not conduct de novo review and is satisfied that Judge Baldwin did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations." (emphasis in original)). As mentioned, Judge Baldwin first recommends the Court deny as moot the IFP application (ECF Nos. 9, 10, 12) because, upon review, the application shows that Franks is unable to pay the filing fee.[3] (ECF No. 21 at 2.) Judge Baldwin next recommends dismissal of the Complaint (ECF No. 1-1) without prejudice, but without leave to amend, in part because, under the *Younger* abstention doctrine, federal courts may not interfere with ongoing state criminal proceedings—even where a constitutional violation is alleged—absent extraordinary circumstances posing a threat of irreparable harm. (ECF No. 21 at 4-6 (citing *Younger v. Harris*, 401 U.S. 37 (1971)).) Here, Franks is the subject of ongoing criminal proceedings in state court, which have not reached final adjudication, and the Court has not identified any extraordinary circumstances posing a threat of irreparable harm. (*See id.* at 6.) Moreover, Judge Baldwin recommends dismissal of the Complaint (ECF No. 1-1) for lack of subject-matter jurisdiction over Franks' purely state law claims and because Franks fails to sufficiently allege a federal civil rights or other federal claim. (ECF No. 21 at 6-7.) Finally, Judge Baldwin recommends denying the miscellaneous motions as moot, noting

---

[2] The Court notes that, since the R&R was filed, Franks has filed additional miscellaneous motions: duplicate IFP applications (ECF Nos. 22, 25) and motions asserting "Constitutional Violations, Evidence Tampering, Retaliation, and Denial of Medical Care, and Request for Judicial Relief" and a motion for court assistance with service (ECF Nos. 23, 24, 26).

[3] Accordingly, the Court will also deny the subsequently filed duplicate IFP applications (ECF Nos. 22, 25) as moot.

the requests are repetitive and fail to clearly identify any issues for the Court to resolve.[4] (*See* ECF Nos. 11, 13, 14, 15, 17, 18, 19.) Having reviewed the R&R, Judge Baldwin did not clearly err.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 21) is accepted and adopted in full.

It is further ordered that Franks' IFP applications (ECF No. 9, 10, 12, 22, 25) are denied as moot.

It is further ordered that Franks' Complaint (ECF No. 1-1) is dismissed without prejudice and without leave to amend.

It is further ordered that Franks' miscellaneous motions (ECF Nos. 11, 13, 14, 15, 17, 18, 19, 23, 24, 26) are denied as moot.

It is further ordered that the Clerk of Court enter judgment accordingly and close this case.

DATED THIS 14th Day of October 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[4] Accordingly, the Court will deny the subsequently filed miscellaneous motions (ECF Nos. 23, 24, 26) as moot.